Merrimack,
No. 4533.

LOUIS C. WYMAN, *Attorney General*

*v.*

WILLARD UPHAUS.

November 15, 1957.

*Louis C. Wyman,* Attorney General, *pro se,* for the motion.

*Nighswander, Lord & Bownes* for the defendant, opposed.

PER CURIAM. In *Sweezy* v. *New Hampshire,* 354 U. S. 234, 254, 255, less than a majority of the Supreme Court of the United States was of the opinion that "use of the contempt power, notwithstanding the interference with constitutional rights, was not in accordance with the due process requirements of the Fourteenth Amendment" because of "a separation of the power of [the state] legislature to conduct investigations from the responsibility to direct the use of that power." However the judgment of this court was there reversed because other members of the court sufficient to make a majority were of the opinion that there should be reversal for other reasons which appear to us inapplicable to the facts presented by the case now pending. We therefore con-

clude that *Sweezy* v. *New Hampshire* is inconclusive of the issues in the pending case.

It is difficult to determine from the several opinions in *Sweezy* v. *New Hampshire, supra,* the full implication of the decision of that case. However, it appears to rest substantially on the ground that our Legislature did not desire an answer to the questions asked the defendant Uphaus by the Attorney General. With due deference we are compelled to state that this concept is erroneous. The legislative history makes it clear beyond a reasonable doubt that it did and does desire an answer to these questions. Laws 1957, *c.* 347, approved July 11, 1957. We believe that the Legislature was entitled to the information sought. How this error on the part of the Supreme Court may have affected its opinions we do not know.

We are loath to believe that under the Federal Constitution a state does not have the right to protect itself against subversion by inquiry of the sort provided for by our Legislature. The implications of such a conclusion are so grave and so at variance with what we have considered to be the settled law that we feel any ruling to this effect must come from another tribunal than ours.

Prior to the order of the United States Supreme Court, the defendant herein moved for a rehearing in reliance upon *Sweezy* v. *New Hampshire, supra,* which motion was denied on July 9, 1957. We have again reconsidered our opinion in the light of the Supreme Court's decision in the *Sweezy* case and we adhere to our original ruling in *Wyman* v. *Uphaus, supra.* The order is

*Former result affirmed; case remanded.*

DUNCAN, J., dissented to the extent and for the reasons indicated in his former dissenting opinion reported in *Wyman* v. *Uphaus,* 100 N. H. 436, 448-451, but otherwise concurred.